UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTOINE KIRBY ] | |
|     Plaintiff, ] | |
| ] | NO. 3:07-cv-1041 |
| v. ] | (NO. 3:07-MC-0136) |
| ] | JUDGE ECHOLS |
| DARON HALL, et al. ] | |
|     Defendants. ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Daron Hall, Sheriff of Davidson County, and the medical staff at the Criminal Justice Center, seeking injunctive relief and damages.

The plaintiff suffers from pain that he believes came about from a seven-year-old gun shot wound to his neck. He alleges that the medical staff at the Criminal Justice Center has failed to treat this pain in deliberate indifference to his medical needs.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials

are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S.Ct. 285 (1976). In this case, the plaintiff has submitted documentation that shows he was seen by medical staff about his condition and was, on at least one occasion, given medication for his pain. When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir. 2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 97 S.Ct. 292. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, this action is frivolous within the meaning of 28 U.S.C. § 1915(e)(2) and shall be dismissed. Neitzke v. Williams, 109 S.Ct. 1827, 1832-1833 (1989).

An appropriate order will be entered.

_____
Robert L. Echols
United States District Judge